

**U.S. Department of Justice**

Civil Division
950 Pennsylvania Ave. NW, Rm. 7214
Washington, DC 20530

MBS:JESandberg

Tel.: (202) 532-4453

VIA CM/ECF

December 19, 2024

Mark Langer, Clerk of Court
United States Court of Appeals
 for the District of Columbia Circuit
333 Constitution Avenue NW
Washington, DC 20001

    Re:    *America First Legal Foundation v. USDA et al.*, No. 23-5173 (D.C. Cir.)
            (argued Sept. 5, 2024 before Judges Pillard, Garcia, and Rogers)

Dear Mr. Langer:

      I write to notify the panel of a decision in the related Middle District of Florida case, which likewise concerns a FOIA request for an agency strategic plan submitted to the White House under Executive Order 14,019. *See Foundation for Gov't Accountability v. U.S. Department of Justice*, No. 2:22-cv-252, 2024 WL 5111659 (M.D. Fla. Dec. 13, 2024) (Op.).[*]

      In its decision, the district court granted the government's renewed motion for summary judgment, concluding upon further consideration that the presidential communications privilege applied to DOJ's strategic plan and thus that it was properly withheld under FOIA Exemption 5. *See* Op. 10-18. Citing this Court's standards governing the presidential communications privilege, *see* Op. 10-11, the district court explained that the privilege applied here because "the strategic plans created pursuant to EO 14019 were submitted as part of a 'back-and-forth, iterative' policy-making process between the White House and DOJ" and "informed the President on areas where 'Executive Branch action might be needed or considered within the scope of the President's authority.'" Op. 14 (quoting declarations). Moreover, the government's submissions established that the White House both had intended the strategic plans to be "confidential document[s]" and had actually treated them as such. Op. 15-16.

      The district court rejected the plaintiff's argument that the government had waived or undermined its assertion of privilege through the disclosure of certain other agencies'

---

    [*] The *FGA* case was discussed in the parties' briefs, *see, e.g.*, Br. for Pls.-Appellants at iii, 6-7, 23-24, and the parties agreed that the evidentiary record in that case is relevant and available for this Court's consultation, *see id.* at 24 n.4; Br. for Defs.-Appellees at 5 n.1.

strategic plans, noting that those plans "were released *outside any authorization* from the White House." Op. 16 n.10. The court also rejected the plaintiff's argument that DOJ's strategic plan amounted to "secret law," explaining that the plan "d[id] not embody the agency's effective law and policy," but rather proposed ideas for White House consideration. Op. 17 (quotation marks omitted).

      We respectfully request that you share this letter with the panel.

                         Sincerely,

                          /s/ Jeffrey E. Sandberg
                          Jeffrey E. Sandberg
                          Attorney, Appellate Staff
                          Civil Division

Encl.
cc:    all counsel (by CM/ECF)